## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ANNA EVERETT, and DONNA CHILDRESS, | Civil Action No.: |
| Plaintiffs, | FLSA Action |
| v. | Jury Trial Demanded |
| GRADY MEMORIAL HOSPITAL CORPORATION d/b/a GRADY HEALTH SYSTEM, | |
| Defendant. | |

## COMPLAINT

COME NOW Plaintiffs Ana Everett (hereinafter "Plaintiff Everett") Donna Childress (hereinafter "Plaintiff Childress") (collectively "Plaintiffs"), by and through their undersigned counsel, and file this Compliant against Defendant Grady Memorial Hospital Corporation d/b/a Grady Health System (hereinafter "Defendant"), and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiffs of their lawful overtime wages.

2. During the employment of Plaintiffs, and for at least three years prior to the filing of this Complaint, Defendant committed widespread violations of the FLSA by failing to compensate Plaintiffs at the legally appropriate overtime wage.

3. Plaintiffs seek unpaid overtime wages, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

5. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is located in this District and is subject to personal jurisdiction in this District.

## PARTIES

6. Plaintiff Everett resides in Stone Mountain, Georgia, County, (within this District) and is a citizen of the United States.

7. Plaintiff Childress resides in Stone Mountain, Georgia, County (within this District) and is a citizen of the United States.

8. At all times material to this action, Plaintiffs were each an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. Plaintiffs are further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Defendant.

9. Defendant is a domestic, nonprofit Georgia corporation in receipt of state and federal funds. Defendant's principal place of business is located at 80 Jesse Hill Jr. Drive SE, Atlanta, Georgia, 30303.

10. Defendant conducts business within this State and District.

11. For purposes of this lawsuit, Defendant can be served through its registered agent, Timothy Jefferson, 80 Jesse Hill Jr. Drive SE, Atlanta, Georgia 30303.

12. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

13. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

14. Defendant has employed Plaintiff Everett from 2001 through the present.

15. At all times relevant to this action, Plaintiff Everett's primary duty was to distribute car seats to Defendant's new parent patients. Defendant directed Plaintiff Everett to its patients who had just given birth to provide education on the installation of car seats and to distribute car seats and booster seats.

16. Defendant has employed Plaintiff Childress as an Associate Health Educator from approximately December 2005 through the present.

17. At all times relevant to this action, Plaintiff Childress' primary duty was to distribute car seats to Defendant's new parent patients. Defendant directed Plaintiff Childress to its patients who had just given birth to provide education on the installation of car seats and to distribute car seats and booster seats.

18. At all times relevant to this action, the primary duty of Plaintiffs was not the management of the enterprise in which they were employed, nor of a customarily recognized department or subdivision thereof.

19. At all times relevant to this action, Plaintiffs were not responsible for customarily and regularly directing the work of two or more other employees.

20. At all times relevant to this action, Plaintiffs did not possess the authority to hire or fire other employees.

21. At all times relevant to this action, Plaintiffs did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

22. At all times relevant to this action, Plaintiffs were non-exempt employees for purposes of overtime compensation.

23. At all times relevant to this action, Defendant classified Plaintiffs as non-exempt employees.

24. Plaintiffs routinely worked more than forty hours per week.

25. Defendant compensated Plaintiffs on a salary basis.

26. Plaintiff Everett's most recent salary was $71,177.

27. Plaintiff Childress' most recent salary was $43,035.

28. Plaintiffs' salaries were intended to cover thirty-two hours per week.

29. Defendant regularly directed Plaintiffs to work more than thirty-two hours per week to complete their work.

30. Defendant was aware that Plaintiffs regularly worked more than thirty-two hours per week to complete their work.

31. However, Defendant did not compensate Plaintiffs for any hours over thirty-two hours per week.

32. At all times relevant to this action, Defendant did not compensate Plaintiffs for time worked in excess of thirty-two hours at a rate of one and one-half times the regular rate at which they were employed.

33. Defendant regularly directed Plaintiffs to work more than forty hours per week to complete their work.

34. Defendant was aware that Plaintiffs regularly worked more than forty hours per week to complete their work.

35. However, Defendant did not compensate Plaintiffs for any hours over forty hours per week.

36. At all times relevant to this action, Defendant did not compensate Plaintiffs for time worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which they were employed.

37. Defendant maintained either actual or constructive control, oversight and direction of Plaintiffs' work, including the employment and pay and other practices.

38. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiffs.

39. Defendant failed to meet the requirements for paying Plaintiffs an overtime rate of not less than one and one-half times the regular rate at which they was employed, at which they were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

40. Defendant is liable to Plaintiffs for any and all overtime worked at the rate of at least one and one-half times their regular rate at which they were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

41. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

42. As a result of Defendant's failure to act with good faith in compensating Plaintiffs, they are entitled to liquidated damages.

43. Plaintiffs have retained the undersigned counsel to represent them and Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

44. Plaintiffs demand a jury trial.

## COUNT I

45. Plaintiffs repeat and incorporate by reference Paragraphs 1-44 herein. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

46. Defendant has willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Plaintiffs in accordance with §§ 203 and 207 of the FLSA.

47. As a result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

48. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs.

49. As a result of the unlawful acts of Defendant, Plaintiffs have been deprived of overtime compensation in an amount to be determined at trial and is entitled to recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation and relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, pray for the following relief:

A. That Plaintiffs be awarded damages for the three years preceding the filing of this Complaint in the amount of her respective unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiffs be awarded pre- and post-judgment interest;

C. That Plaintiffs be awarded reasonable attorneys' fees;

D. That Plaintiffs be awarded the costs and expenses of this action; and

E. That Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 7th day of January, 2014.

MARTIN & MARTIN, LLP

By: /s/ Kimberly N. Martin
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595

9

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-10170
(404) 313-5538
(770) 837–2678 Fax